Judge Owsley
delivered the opinion.
This is an appeal from a judgment of restitution, rendered in favor ot Overton, in a proceeding had by him under the law regulating forcible entries and detainers.
The only question presented for the decision of this court, grows oat of instructions given by the circuit court, on the trial of Míe issue taken on the traves ío the inquest of the jury.
It appears, that whilst Overton and a certain Fishback joiutly occupied the mill and land in (j^rntest, the sheriff, in -virtue of an execution against the éstate of Overton, exposed to public sale his interest in the mill and land, and Woolfolk became the purchaser; that before Woolfolk made the purchase, he was requested by Overton, who was then present on the land, to bid; that after the sale was made, the sheriff was informed by Fishback, that he ought to deliver possession to Woolfolk, and the sheriff, in the presence of Overton, replied he would do so, and accordingly, in company with Overton, Fishback and Woolfolk, proceeded towards the mill for that purpose; but before they arrived at the mill, Overton stopped, and the rest of the company continued on to the mill; that the sheriff then delivered the possession of Overton’s interest to Woolfolk, and since then the mil! has continued in the joint possession of Fishback and Woolfolk, qr that of Wqolfolk’s sob *69 bolding under him. It does not appear that Overton gave any express assent for the possession to be delivered by tbe sheriff to Woolfolk, nor does it appear that he expressed am objection or unwillingness thereto. After (hese facts were proven, and the executions under which tbe sale was made, together with tbe sheriff’s return thereon, accompanied with the records of the judgments upon which they issued, were introduced and read to tbe jury, the court, on the motion of Overton’s counsel, instructed the jury, that upon the whole evidence the law was for Overton, and if they believed the evidence, they ought to find for him.
A sheriff iamls ¡v‘ power the l~ vey are ali ⅛⅜ can-do.
But if the in axe. the poas, ⅛. of hm so, u ⅛ wuivei- of (><- ⅛ purchaser, ⅝ as well as the quikuv '
Assuming the existence of every fact which the evidence in anywise'conduces to prove, we cannot accord with that court in its instructions to the jury. It is not supposed that the sheriff, in virtue of the executions, derived any ity to deliver the possession to Woolfolk Those executions, no doubt, conferred upon him ample power to sell and ve\ any legal interest which Overton held in tbe land, when the sale and conveyance was accomplished, the au_ thoritv of tbe sheriff terminated; and to obtain the possession, Woolfolk, the purchaser, should resort to those means, and those means only, which are furnished by law to others having the right of possession to land, weich may he in the occupancy of another.
Thus Considering the right acquired by Woolfolk under the sale, it would certainly have been inadmissible for either him, or the sheriff, to have entered and taken the possession of the mill, without the assent or against the will of ton. whilst he was thereof possessed in fact; and if tbe idence could be construeffto prove such an entry, and king of possession, under the law regulating proceedings in cases of forcible entries, the instructions of the court upon the supposition of its having been hypothecated upon the existence of those facts which the evidence conduce prove, be sustained. But we apprehend the jury might» have fairly inferred from the evidence the assent of ton to the possession winch was delivered by the sherui Woolfolk. It is true* no express assent was proven; but from the circumstance of Overton’s being present, aging Woolfolk to bid for the land, and making no obji-c-tions to the possession which he knew was about to be livered, taken in connection with the circumstance of his having set out with the sheriff, and proceeded part of way to the mill, when possession was about to he delivered, *70 demonstrate, as satisfactorily as it is possible for. conduct, to do, ^ial 0vtir,on not °nl.v assented to, but was perfectly willing for Woolfolk to take and enjoy the possession of tbe mill. After thus manifesting his assent and willingness to Woolfolk’s entry and possession, Overton cannot, we apprehend, be entitled to restitution under ths law regulating forcible entries; for an entry cannot be denominated forcible, when it is taken by tbe assent of tbe person in possession; and it cannot be important whether the assent be expressly given, or implied from the conduct of the person qn whose possession the entry is made.
Hardin for appellant, Wicklijfe for appellee.
It results, therefore, that the court erred in its instructions to the jury, and consequently the judgment must be reversed with costs, the cause remanded, and further proceedings had, not inconsistent with this opinion.